UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND THOMAS GARCIA, JR., | CASE NO. 1:14-cv-00057-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZALBE CLAIM |
| v. | |
| JEFFERY BEARD, et al., | (ECF NO. 10) |
| Defendants. | ORDER DENYING PLAINTIFF'S MOTION FOR STATUS AND ASSISTANCE |
| | (ECF NO. 22) |
| | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

Plaintiff Raymond Thomas Garcia, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF Nos. 4 & 10.)

On January 15, 2014, Plaintiff filed his complaint.  (ECF No. 1.)  Plaintiff filed a Second Amended Complaint ("SAC") on February 27, 2014 (ECF No. 10) without the

Court having screened his original Complaint and without a First Amended Complaint having been filed. Plaintiff's SAC is now before the Court for screening.

On March 11, 2015, Plaintiff also filed a Motion for Status and Assistance. (ECF No. 22.) It too will be addressed below.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF COMPLAINT

Plaintiff identifies Secretary of California Department of Corrections and Rehabilitation ("CDCR") Jeffrey Beard, Warden John Doe I of Kern Valley State Prison, Counselor Jane Doe, and John Doe II of CDCR Sacramento as defendants.

Plaintiff's allegations can be summarized essentially as follows:

Defendant Beard deprived Plaintiff of proper parole proceedings. Plaintiff was informed via a fax from Sacramento that his sentence had been calculated incorrectly under the penal code, and he would be compensated for the excess days he served in custody. However, Plaintiff never received compensation. During the time period in which Plaintiff should have been released, he was involved in an altercation with his cellmate and severely injured.

Defendants' Beard and Warden John Doe negligence resulted in Plaintiff being falsely imprisoned.

Defendant Jane Doe fabricated resources which deprived Plaintiff of available remedies for release.

Defendant John Doe II failed to recognize the error in calculating Plaintiff's good time credit which resulted in his illegal incarceration.

Plaintiff sues the above named Defendants in their individual and official capacities and seeks monetary damages for their violation of his Eighth and Fourteenth Amendment rights.

## IV.  ANALYSIS

### A.  Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*.  Facial plausibility demands more than the mere possibility

that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

### B.     Official Capacity

Plaintiff sues Defendants in their individual and official capacities. Plaintiff may not bring suit for monetary damages against Defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).

### C.     Eighth Amendment

The Eighth Amendment "protects prisoners . . . from inhumane methods of punishment . . . [and] inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and severe, prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). They also have a duty to take reasonable steps to protect inmates from physical harm by other inmates. *Id.* at 833.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's health or safety. *Id.* at 834. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* at 1057 (*quoting Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837; *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, the prisoner

may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *Farmer*, 511 U.S. at 842.

Plaintiff alleges that but for Defendants' negligence he would have been released, and therefore not assaulted by his cellmate. Plaintiff has not stated an Eighth Amendment claim. Plaintiff has not alleged that any of Defendants were in a position to intervene in the altercation between him and his cellmate and that they failed to do so. Nor has Plaintiff established that Defendants were "deliberately indifferent" to serious threats to his safety. *See Farmer*, 511 U.S. at 834. "Mere negligence is not sufficient to establish liability." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). If Plaintiff chooses to amend this claim, he must allege specific facts demonstrating that each Defendant individually knew of the assault, knew or should have known that it was a non-justified assault, were in a position to do and should have done something about it, and failed to intervene to stop it.

### D. Fourteenth Amendment

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Id.* Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221–22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. *Id.* at 222–23 (*citing Sandin v. Conner*, 515 U.S. 472, 481–84 (1995)). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id.* at 221 (*quoting Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff asserts that Defendants' actions violated his Fourteenth Amendment Due Process rights, but he fails to identify what liberty interest is at stake or how it was violated. Plaintiff is granted leave to amend.

### E. State Tort Violations

Plaintiff alleges that Defendants Beard, John Doe I, and John Doe II acted negligently and falsely imprisoned him.

Under the California Tort Claims Act ("CTCA"), Plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1240 (2004).

Plaintiff cannot base a tortious claim on the above allegations against Defendants because he has not demonstrated compliance with CTCA claim filing requirements. Plaintiff is granted leave to amend. However, if Plaintiff fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claims, even if he cures this deficiency and states a state law claim. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

### F. *Heck* Bar

Often referred to as the *Heck* bar, the favorable termination rule bars any civil rights claim which, if successful, would demonstrate the invalidity of confinement or its duration. Such claims may be asserted only in a *habeas corpus* petition. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists); *see also*

*Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim for monetary and declaratory relief challenging the validity of procedures used to deprive a prisoner of good-time credits is not cognizable under § 1983).

Plaintiff alleges that his good time credit was incorrectly calculated, and thus he was erroneously held in custody longer than his sentence required. Plaintiff's cause of action as to these claims is barred by *Heck*, and he must pursue such claims by filing a *habeas corpus* petition. *See Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (the application of *Heck* "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement").

## V.     MOTION FOR STATUS AND ASSISTANCE

On March 11, 2015, Plaintiff filed a "Notice and Request." (ECF No. 22.) It appears that Plaintiff is requesting a status on his SAC and requesting assistance with exhausting his administrative remedies and accessing the law library. As this order advises Plaintiff of the status on his SAC, his motion for status is denied as moot.

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Ngo v. Woodford*, 539 F.3d 1108, 1109 (9th Cir. 2008) (*quoting Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

If Plaintiff chooses to amend his SAC, he should allege facts showing how he exhausted his administrative remedies or that he was exempted from such exhaustion requirements. *See, e.g., Sapp v. Kimbrell*, 623 F.3d 813, 826 (9th Cir. 2010) (an

exception to exhaustion has been recognized where a prison official renders administrative remedies effectively unavailable).

Finally, it appears Plaintiff is seeking access to the law library. There is no indication that any of the above Defendants have any influence over the policies and practices of West Valley Detention Center, where Plaintiff is currently detained. (ECF No. 22.) The Court has no power to issue an order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969); *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985). Plaintiff's motion is denied.

## VI.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an "amended complaint supersedes the original" complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Here, the amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint (ECF No. 10.) is DISMISSED for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his signed Second Amended Complaint filed February 27, 2014;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim, failure to comply with a court order, and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: March 18, 2015         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE