UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND THOMAS GARCIA, JR., | CASE NO. 1:14-cv-00057-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO: |
| v. | 1) DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM |
| JEFFERY BEARD, et al., | (ECF NO. 24) |
| Defendants. | 2) DENY AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME |
| | (ECF NO. 25) |
| | 3) GRANT PLAINTIFF'S MOTION FOR COPIES |
| | (ECF NO. 26) |
| | FOURTEEN (14) DAY OBJECTION DEADLINE |

**I.    PROCEDURAL HISTORY**

Plaintiff Raymond Thomas Garcia, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF Nos. 4 & 10.)

On January 15, 2014, Plaintiff filed his complaint. (ECF No. 1.) Then on February 27, 2014, he filed a Second Amended Complaint (ECF No. 10.) without the Court having screened his original Complaint and without any First Amended Complaint having been filed. On March 18, 2015, the Court screened Plaintiff's Second Amended Complaint and dismissed it for failure to state a claim, but granted Plaintiff leave to amend. (ECF No. 23.) Plaintiff filed his Third Amended Complaint on March 30, 2015, and it is now before the Court for screening. (ECF No. 24.)

Plaintiff also filed a motion for extension of time (ECF No. 25.) and a motion for copies. (ECF No. 26.) The Court will address these motions below.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.    SUMMARY OF COMPLAINT

Plaintiff identifies Secretary of California Department of Corrections and Rehabilitation ("CDCR") Jeffrey Beard, Sacramento CDCR Records employee John or Jane Doe I, Counselor Jane Doe, and other governmental entities or employees as defendants.

It is difficult to decipher Plaintiff's Third Amended Complaint and the allegations in it, but it appears to allege that Plaintiff has been falsely imprisoned and negligently incarcerated beyond the term of his sentence.

## IV. ANALYSIS

### A. Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

### B. Complaint Format

A complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Each allegation must be **simple, concise, and direct**." Fed. R. Civ. P. 8(d)(1) (emphasis added).

3

Plaintiff's Third Amended Complaint does not contain complete sentences or thoughts, the words run together, and it is single-spaced. The Court will address the claims that Plaintiff appears to be alleging.

### C. Linkage

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). In other words, there must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

Plaintiff names other governmental entities or employees of CDCR as Defendants, but fails to separate these Defendants individually or link any of them to a violation of his constitutional rights. Plaintiff did not name any of these Defendants in his original Complaint and fails to plead any facts related to them in his Third Amended Complaint. Plaintiff also does not appear to link any of the named Defendants to a specific violation of his constitutional rights.

### D. State Tort Violations

Plaintiff appears to allege state law claims of negligence, false imprisonment, and intentional infliction of emotional distress.

The Court's prior screening order granted Plaintiff leave to amend his state law claims to demonstrate necessary compliance with the California Tort Claims Act. (ECF No. 23.) Plaintiff's failure to do so is reasonably construed as an inability to do so.

### E. *Heck* Bar

Often referred to as the *Heck* bar, the favorable termination rule bars any civil rights claim which, if successful, would demonstrate the invalidity of confinement or its duration. Such claims may be asserted only in a *habeas corpus* petition. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists); *see also*

*Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim for monetary and declaratory relief challenging the validity of procedures used to deprive a prisoner of good-time credits is not cognizable under § 1983).

Plaintiff was advised in the Court's prior screening order that if he wishes to dispute the propriety of his incarceration, calculation of good time credits, or his eligible parole date, he must pursue said claims in a *habeas corpus* petition.  Instead of complying with the Court's prior order, Plaintiff appears to dispute that his claims are barred by *Heck*.  Plaintiff has neither filed a motion for reconsideration nor pled any new facts or circumstances that would warrant reconsideration of the Court's prior order. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.") Therefore, it is recommended that Plaintiff's Third Amended Complaint be dismissed with prejudice for failure to state a cognizable claim for relief.

## V.      MOTION FOR EXTENSION OF TIME

Plaintiff filed notice of his lack of access to the law library and to a typewriter and sought leave to file his Third Amended Complaint in pencil and/or have the Clerk's Office photocopy it.  In light of Plaintiff's Third Amended Complaint being timely received and filed, his motion is DENIED as moot.

## VI.     MOTION FOR COPIES

Plaintiff provides a summary of his Third Amended Complaint and also appears to be seeking a copy of his Third Amended Complaint.  The Clerk's Office is directed to send Plaintiff a copy of his Third Amended Complaint with service of this order to allow Plaintiff to file any objections to the undersigned's Findings and Recommendations.

## VII. CONCLUSION AND RECOMMENDATIONS

Plaintiff's Third Amended Complaint fails to state a cognizable claim. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and should be DENIED. Plaintiff's motion for an extension of time is DENIED as moot. Plaintiff's motion for a copy of his Third Amended Complaint is GRANTED. The Clerk should send Plaintiff a copy of his Third Amended Complaint (ECF No. 24.) with this order.

The undersigned recommends that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 17, 2015            /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28